Filed 7/18/13  P. v. Butler CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JIMMY LEE BUTLER,<br><br>    Defendant and Appellant. | 2d Crim. No. B245164<br>(Super. Ct. No. SA079423)<br>(Los Angeles County) |

Jimmy Lee Butler appeals from the judgment entered after a jury convicted him of unlawful possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1))[1] and stalking (§ 646.9, subd. (a).)  Appellant admitted suffering two prior strike convictions (§§ 667, subds. (d) - (i); 1170.12, subds. (a) - (d)) and four prior prison term enhancements (§ 667.5, subd. (b)).  The trial court struck three of the prior prison term enhancements and found that one of the prior strikes did not apply because the prosecution "did not proceed in this matter as a third strike case."  The trial court denied probation and sentenced appellant as a second strike defendant to seven years state prison.

---

[1] Al statutory references are to the Penal Code.

Appellant contends that the trial court abused its discretion in denying a *Pitchess* motion for discovery of the arresting officers' confidential personnel files. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531.) We affirm.

*Facts*

On December 6, 2012 appellant confronted his estranged wife, Robin G., at a restaurant bar. Robin believed appellant had a handgun and was about to kill her. Fearing for her life, Robin left with a friend, picked her son up at school, and drove home.

Later that night, appellant phoned Robin and threatened to kill her and put her body in a trash dumpster. Robin called 911 and said that appellant was outside her apartment, knocking on the window.

Los Angeles Police Officer Darius Lee and Officer Rivera responded the 911 call. Robin said that appellant had a history of domestic violence and tired to strangle her on November 26, 2011. Robin reported that appellant was living with his ex-wife in Inglewood and that appellant had just been outside her apartment, threatening to kill her. Robin's teenage son saw appellant leave, carrying a black handgun.

Officer Lee went to the Inglewood address. Appellant's vehicle was parked outside the apartment and had a warm hood. Bonnie Butler, the apartment renter, said that appellant was in the bedroom and allowed the officers to enter. After appellant was arrested on suspicion of making criminal threats, Butler consented to a search of the apartment for handguns. Sergeant Craig Brown searched the bedroom and found a loaded .40 caliber Glock handgun in the nightstand drawer next to the bed. At trial, a forensic DNA expert testified that genetic material on the handgun and ammo magazine revealed DNA consistent with appellant's DNA profile.

*Pitchess Motion*

Appellant argues that the trial court abused its discretion in denying his *Pitchess* motion for the production of Officer Lee's and Sergeant Brown's confidential personnel records. Appellant claimed that the handgun was planted and sought the production of complaints concerning "acts of racial bias, ethnic bias, violation of

2

constitutional rights, fabrication of charges, fabrication of evidence, fabrication of reasonable suspicion and/or probable cause, illegal search/seizure, false arrest, perjury, dishonesty, writing of false police reports. . . ."

The trial court denied the motion as to Officer Lee because the moving papers and arrest report indicated that Sergeant Brown was the only person having any knowledge of where the handgun was found. There was no supporting documentation explaining how Officer Lee could have planted the handgun. (See e.g., *Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1024.) The trial court did, however, conduct an in-camera review of Sergeant Brown's personnel records and found "no discoverable material to be turned over."

At appellant's request, we have reviewed the sealed transcript of the in camera proceeding and conclude that the trial court did not abuse its discretion in denying discovery. (*People v. Hughes* (2002) 27 Cal.4th 287, 330; *People v. Mooc* (2001) 26 Cal.4th 1216, 1232.

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.


3

Antonio Barreto, Jr., Judge

Superior Court County of Ventura

_____

Lynn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, , Deputy Attorney General, for Plaintiff and Respondent.